UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20640-BLOOM/Otazo-Reyes

TCM FINANCE, LLC, *et al.*,

 Plaintiffs,
vs.

CONATEGI, LLC, *et al.*,

 Defendants.
_____/

## ORDER TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Remand and Other Relief, filed on February 17, 2021, ECF No. [6] ("Motion"), to which Defendants Conategi, LLC and Roberto Orta Paro ("Defendants") have failed to file a Response. The Court has carefully reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiffs originally filed this action on December 6, 2019 for mortgage foreclosure in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *TCM Finance, LLC, et al. v. Conategi, LLC, et al.*, Case No. 2019-035659-CA-01 ("Circuit Court Action"). ECF No. [6] at 1. Despite Defendants' extensive litigation efforts, Plaintiffs obtained final summary judgment on October 29, 2020. *Id.* at 1-2. On January 12, 2021, Plaintiffs purchased the subject property at a public foreclosure sale. *Id.* at 2. A certificate of sale was issued on January 15, 2021, and a certificate of title was issued on January 28, 2021. *Id.* On February 5, 2021, Plaintiffs filed a Motion for Writ of Possession, seeking to remove Defendant Orta, and all others in possession, from the subject property. *Id.*

On February 16, 2021, Defendants removed the Circuit Court Action, pursuant to 28 U.S.C. § 1331, claiming that Plaintiffs' Motion for Writ of Possession violates Federal law—namely, the temporary moratorium on evictions under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* ECF No. [1] ("Notice"). On February 17, 2021, Plaintiffs filed the instant Motion, seeking to remand the proceedings for three reasons: (1) the CARES Act has no application to the case at hand; (2) the Motion for Writ of Possession is not an "other paper" that invokes the Court's jurisdiction; and (3) Defendants "fully engaged in this case and vigorously defended against it[,]" thereby waiving their right to remove the state court action. ECF No. [6] at 2-3. Plaintiffs also seek sanctions against Defendants and Defendants' counsel for filing a frivolous removal. *Id.* at 3.

As an initial matter, remand is appropriate because Defendants have failed to comply with various court orders. On February 17, 2021, the Clerk of Court issued two Notices alerting Defendants of their failure to (1) pay the required filing fee, and (2) file their Civil Cover Sheet. *See* ECF Nos. [3] & [4] ("Noncompliance Notices"). These Noncompliance Notices also instructed Defendants to file a completed Civil Cover Sheet and a Notice of Compliance of Filing Fee, indicating that the $402.00 filing fee had been paid, within 24 hours. *Id.* Additionally, on February 25, 2021, the Court issued an Order to Show Cause alerting Defendants of their failure to comply with the Court's Removal Order, ECF No. [7], directing Defendants to file a notice with the Court attaching a copy of the docket sheet in the Circuit Court Action. ECF No. [8]. To date, Defendants have failed to file any of the materials listed in the Noncompliance Notices or in the Order to Show Cause. Remand is appropriate for this reason alone.

Remand is also appropriate because Defendants have failed to respond to the Motion or request an extension of time in which to do so. It is well-established that "[o]n a motion to remand,

the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1279 (S.D. Fla. 2020) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)); *see also Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004))).

However, in addition to Defendants' failure to comply with court orders and respond to the Motion, a review of the Notice reveals an additional basis for remand. Specifically, the Notice claims that the basis for this Court's jurisdiction is as follows:

> Recently and less than 30-days ago, on February 5, 2021, the Plaintiffs, masquerading as bonafide Third-Party Purchaser's [sic], filed their Motion for Writ of Possession in violation of Federal law, in violations [sic] of the Centers for Disease Control and Prevention's Temporary Halt in Evictions to Prevent the Further Spread of Covid-19, in violation of the regulatory authority pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

ECF No. [1] at 1-2 (errors in original). Defendants' remarkably broad statement, on its own, is plainly insufficient to confer federal jurisdiction on this Court. While the CARES Act may be a basis for federal question jurisdiction, Defendants point to no specific provision of the CARES Act that would prevent the Circuit Court from issuing the Writ of Possession and removing Defendant Orta from the subject property. Indeed, as Plaintiffs correctly note, the temporary moratorium on evictions does not cover the mortgage foreclosed on in the Circuit Court Action because it was a private mortgage and not a "covered property" within the meaning of the Act. ECF No. [6] at 1-2; *see also* 15 U.S.C. § 9058(a)(2). Even if it was, Defendant's hypothetical CARES Act claim would appear to attack the Circuit Court's final judgment in an attempt to re-litigate the foreclosure action in this forum. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for

state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Fla. Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction). For these reasons, Defendants' Notice falls well short of satisfying its burden that a basis for removal exists.

Further, the totality of the circumstances in this case undeniably warrant the imposition of attorneys' fees and costs against Defendants. *See* 28 U.S.C. § 1447(c), ("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). It is evident from the record in the Circuit Court Action that Defendants have improperly removed this action as yet *another* attempt to stall the foreclosure sale. Specifically, despite Defendants' failure to file with the Court a notice attaching the docket sheet in the Circuit Court Action, the publicly available docket[1] shows the following:

| **December 6, 2019** | Plaintiffs initiate action for mortgage foreclosure. |
|---|---|
| **September 10, 2020** | Plaintiffs file Motion for Summary Judgment. |
| **October 1, 2020** | Defendant Orta files Suggestion of Bankruptcy, *see In re Roberto Orta Paro*, No. 20-20813-LMI (Bankr. S.D. Fla. Oct. 1, 2020), ECF No. [1]. |
| **October 29, 2020** | Circuit Court Judge Spencer Eig enters Summary Final Judgment of Foreclosure in favor of Plaintiffs and against Defendants.<br><br>Final Summary Judgment Order provides, in pertinent part:<br>(1) Defendants are ordered to pay Plaintiffs a total amount of $367,285.94 plus accrued interest from the date of judgment.<br>(2) In the event Defendants fail to pay, the Clerk of Court shall conduct a foreclosure sale on January 12, 2021. |

---

[1] The Court takes judicial notice of Miami-Dade County Circuit Court's online docket and certain documents therein. *See* Fed. R. Evid. 201; *see also United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts." (citation omitted)).

|  | (3) In the event Defendants, or any other persons, fail to immediately vacate the premises following the issuance of a Certificate of Title, the Clerk of Courts is directed to issue a Writ of Possession to the purchaser without the necessity of a further order from the Court. |
|---|---|
| **December 7, 2020** | Defendant Orta refiles Suggestion of Bankruptcy. |
| **December 18, 2020** | Bankruptcy Court enters Order Granting Ex Parte Motion to Dismiss Case, *see In re Roberto Orta Paro*, No. 20-20813-LMI (Bankr. S.D. Fla. Dec. 18, 2020), ECF No. [36]. |
| **January 11, 2021** | Defendant Orta sends *ex parte* letter to Judge Eig, requesting that the Court postpone the public auction date set for January 12, 2021. |
| **January 12, 2021** | Public auction takes place, in which Plaintiffs purchase the property. |
| **January 15, 2021** | Certificate of Sale issued. |
| **January 28, 2021** | Certificate of Title issued. |
| **February 2, 2021** | Defendant Orta drafts *ex parte* letter to Circuit Court Judge Migna Sanchez-Llorens, seeking to "ratify [his] petition" to Judge Eig. |
| **February 5, 2021** | Plaintiffs file Motion for Writ of Possession, seeking to remove Defendant Orta, and all others in possession, from the subject property. |
| **February 12, 2021** | Defendants file Notice of Appeal, and appeal to the Third District Court of Appeal, the Certificate of Sale, Certificate of Title, and "all prior orders which lead [sic] to, the compromise, and/or which have been subsumed therein[.]" |
| **February 16, 2021** | Defendants file Notice of Removal. |

More concerningly, Defendants' counsel has employed the same removal tactics in a number of other foreclosure cases. *See, e.g.*, *Elizon DB Transfer Agent LLC v. CMG Cap., LLC*, No. 1:21-cv-20795-UU (S.D. Fla. Mar. 2, 2021), ECF No. [7] (remanding case *sua sponte*; filing fee not paid and no civil cover sheet filed); *Axos Bank v. Chowdhury*, No. 0:20-cv-62342-RS (S.D. Fla. Jan. 12, 2021), ECF No. [12] (granting motion to remand and request for attorneys' fees; no civil cover sheet filed); *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC*, No. 1:20-cv-24178-RNS (S.D. Fla. Nov. 16, 2020), ECF No. [21] (granting motion to remand and referring motion for attorneys' fees and motion for sanctions to magistrate judge; no civil cover sheet or state court records filed); *Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, No. 1:19-cv-24882-JEM (S.D. Fla. Jan.

5

21, 2020), ECF No. [19] (granting motion to remand by default and noting that there appeared to be no basis for removing the foreclosure action; no state court records filed initially, but such records were later submitted upon court order); *see also First Sw. Fin. LLC v. T.D. Bank, N.A.*, No. 1:21-cv-20484-DPG (S.D. Fla. Mar. 4, 2021), ECF No. [8] (granting motion to remand by default in state court writ of garnishment case; no civil cover sheet or state court records filed); *First Sw. Fin. Servs., LLC v. Dawkins Home Inc.*, No. 1:20-cv-24768-JAL (S.D. Fla. Jan. 19, 2021), ECF No. [32] (granting motion to remand in part and denying in part as to request for attorneys' fees in state court replevin case; no civil cover sheet or state court records filed).

These removals are patently frivolous and reflect pure gamesmanship. Each removal lacks a proper foundation and, oftentimes, the removing party fails to pay the filing fee, file the civil cover sheet, and/or respond to the motion for remand, as occurred in this case. Each case reveals counsel's use of a removal to federal court as a means to an end in order to postpone an eviction or a foreclosure sale. This conduct runs contrary to counsel's duty of candor to the tribunal and serves only to waste limited resources of all parties and institutions involved—both at the state and federal level.

The Court reminds Defendants' counsel that, "as officers of the court, attorneys are servants of the law rather than servants of the highest bidder." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1547 (11th Cir. 1993).

> The duty of candor is an important part of our justice system for several reasons. First, . . . the duty of candor is an integral part of ensuring that our system of justice functions properly because first and foremost an attorney is an officer of the court, an institution whose purpose is to seek the truth in order to do justice. *See Malautea*, 987 F.2d at 1546. Second, the duty of candor is important to providing clients with an attorney's "independent professional judgment" so as to not create unreasonable client expectations, which when dashed can undermine confidence in the justice system. *See* Fla. Bar Rule 4-2.1. Third, the duty of candor helps promote judicial efficiency and avoid crowding the court's docket with frivolous actions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (stating that the purpose of

Case No. 21-cv-20640-BLOOM/Otazo-Reyes

Rule 11 is to deter baseless filings in district court and streamline administration and procedure).

*Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1281 (S.D. Fla. 2010). As such, the Court admonishes Defendants' counsel and requires counsel to review his ethical obligations under the Rules Regulating the Florida Bar.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [6]**, is **GRANTED**.

2. The above-styled case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. Defendants' counsel is ordered to pay the $402.00 filing fee **by March 18, 2021**. **Failure to do so will result in the imposition of the appropriate sanctions against counsel for Defendants.**

4. **By April 8, 2021**, Plaintiffs may file a motion for reasonable attorneys' fees and costs, along with the appropriate affidavits and documentation required under Local Rule 7.3. To the extent Plaintiffs seek sanctions against Defendants and/or Defendants' counsel pursuant to Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927, Plaintiffs may file a motion for sanctions by **April 8, 2021**.

5. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2021.

_____
BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record